UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARCEL C. BRISTOL,

                Plaintiff,

    -against-

EDWARD SCHENK and COUNTY OF NASSAU,

                Defendants.
-----------------------------------------------------------------X

ORDER
14-CV-6647 (JFB) (AKT)

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation ("R&R," ECF No. 65) from Magistrate Judge Tomlinson advising the Court to deny *pro se* plaintiff's motion for partial summary judgment[1] against defendants pursuant to Federal Rule of Civil Procedure 56 ("Pl.'s Mot.," ECF No. 51). For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety and denies plaintiff's motion without prejudice to renewal at a later stage of this action. In addition, the Court grants plaintiff leave to amend his complaint.

## I. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). When a party

---

[1] As discussed below, although plaintiff entitled his motion as one for judgment on the pleadings, Magistrate Judge Tomlinson construed plaintiff's motion to be one for partial summary judgment.

1

submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## II. BACKGROUND

In her R&R, Magistrate Judge Tomlinson recommends that the Court deny plaintiff's motion without prejudice because it is procedurally improper. At the outset, she noted that, "[a]lthough Plaintiff has styled his letter motion as one for 'Partial Judgment on the Pleadings,' ostensibly pursuant to Rule 12(c), it appears Plaintiff is attempting to assert that he is entitled to partial summary judgment in accordance with Rule 56 of the Federal Rules of Civil Procedure." (R&R at 5.) That "assessment [was] based on Plaintiff's statements [in his motion] that 'the evidence and law are no longer in dispute' and 'there is no triable issue of fact.'" (*Id.* (quoting Pl.'s Mot.).) After applying the appropriate standard of review, Magistrate Judge Tomlinson concluded that, "[n]otwithstanding Plaintiff's desire to engage in summary judgment motion practice, such a motion is premature at this stage of the litigation, particularly since discovery is still ongoing." (R&R at 7.) She observed that "the Court has not received any competent evidence demonstrating whether genuine issues of fact are indeed in dispute (or, in the alternative, whether Plaintiff is entitled to partial summary judgment as a matter of law)," and that "even if the Plaintiff's motion was ripe for review, it would nevertheless be procedurally improper since

2

Plaintiff has not filed a Statement of Undisputed Facts in accordance with Local Civil Rule 56.1." (*Id.* at 7-9.) Finally, Magistrate Judge Tomlinson found that "even if the Plaintiff's motion had been properly filed, the sole substantive argument he advances in support of his motion"—namely, that this Court had previously determined that plaintiff's claims were meritorious in a decision dated March 8, 2016 (the "Memorandum & Order," ECF No. 37)—was "unpersuasive" because the Memorandum & Order "did not weigh the factual evidence but considered only the legal sufficiency of Plaintiff's Complaint — that is, whether the allegations as set forth in the Complaint adequately stated claims that were plausible on their face." (R&R at 11.)

Plaintiff thereafter filed timely objections to the R&R on August 17, 2017. ("Pl.'s Objs.," ECF No. 70.) For the reasons explained below, the Court adopts Magistrate Judge Tomlinson's R&R in its entirety.

### III. DISCUSSION

In his objections, plaintiff does not contest Magistrate Judge Tomlinson's recommendation that the Court construe his motion as one for partial summary judgment, nor does he dispute that the motion is procedurally improper at this stage of the litigation.[2] (*See generally* Pl.'s Objs.) Instead, he argues that, had Magistrate Judge Tomlinson been aware of the Supreme Court's recent decision in *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), "[i]t is certainly unlikely . . . [that] her recommendation would [have] be[en] the same." (*Id.* at 1.) In addition, plaintiff reiterates the arguments he made in his motion with respect to the Memorandum & Order, averring that, based on this Court's conclusions therein, "[i]t is not in dispute that the defendants attempted to justify the retention of [plaintiff's] funds by tricks through a fake agreement which falsely alleged that

---

[2] Nevertheless, the Court has reviewed those recommendations *de novo* and agrees with Magistrate Judge Tomlinson's well-reasoned conclusions.

plaintiff entered a guilty plea," and that "the defendants sought and obtained Plaintiff's custody on the false pretense of a pending retrial in Nassau County which never took place due to numerous legal barriers." (*Id.* at 1-2.) Thus, plaintiff objects to the portion of the R&R that determined that the Memorandum & Order was "not tantamount to a ruling that suggests the defendants' retention of the funds is per se unlawful." (*Id.* at 2.) He further contends that "no amount of discovery can convalesce the defendants' comatose defense. Moreover, the defendants' delaying tactics to evade discovery cast doubt on the very purpose of disclosures which they totally ignored." (*Id.*) Plaintiff's arguments lack merit.

First, as Magistrate Judge Tomlinson correctly concluded, this Court has not yet considered any factual evidence in this case. In the Memorandum & Order, the Court denied in part and granted in part defendants' motion for judgment on the pleadings after determining, *inter alia*, that plaintiff had failed to state a claim with respect to a "violation of his double jeopardy right, due process right regarding his remand to [the Nassau County Correctional Center,] and due process right regarding the alleged seizure of his personal property and money in 2009," but finding that plaintiff had sufficiently pled a "due process claim regarding the *alleged* refusal to return his funds in 2013, and [a] conditions of confinement claim." (Memorandum & Order at 12 (emphasis added).) Moreover, "the Court liberally construe[d] [plaintiff's] complaint to allege a claim against the County of Nassau for his prison conditions." (*Id.* at 8 n.5.) In other words, as the R&R notes, the Memorandum & Order only assessed the legal sufficiency of plaintiff's pleading—the Court did not, as plaintiff suggests, determine that the *allegations* therein are factually true.[3]

---

[3] As the Memorandum & Order states, the Court must *assume* the veracity of plaintiff's allegations on a motion for judgment on the pleadings—but only for the purpose of resolving that motion. (Memorandum & Order at 4.) Accordingly, the Court did not determine that defendants are in fact liable to plaintiff in the Memorandum & Order.

4

Further, in their December 30, 2016 answer to plaintiff's complaint, defendants the County of Nassau and Edward Schenck deny the vast majority of plaintiff's allegations and raise numerous affirmative defenses. (*See* ECF No. 45.) Whether or not any "amount of discovery can convalesce the defendants' comatose defense" remains to be seen, and thus, the Court agrees with Magistrate Judge Tomlinson that discovery on plaintiff's claims is required before summary judgment motion practice can commence.

Accordingly, plaintiff's reliance on *Nelson* is misplaced. There, the Supreme Court invalidated a Colorado statute on due process grounds because it permitted the state to "retain[] conviction-related assessments unless and until the prevailing defendant institute[d] a discrete civil proceeding and prove[d] her innocence by clear and convincing evidence" following vacatur of her criminal conviction. 137 S. Ct. at 1252. The Court held that "Colorado may not retain funds taken from [the petitioners] solely because of their now-invalidated convictions, for Colorado may not presume a person, adjudged guilty of no crime, nonetheless guilty *enough* for monetary exactions." *Id.* at 1256 (citations omitted). However, unlike this action, *Nelson* involved a complete factual record that enabled the Supreme Court to conduct an appellate review of the statute at issue. Here, there are no facts before this Court—only unsubstantiated allegations—and as a result, plaintiff is not entitled to partial summary judgment at this stage of the litigation.

## IV. LEAVE TO AMEND

In his motion for partial summary judgment, plaintiff also requested leave to amend his complaint "to substitute his claim of double jeopardy for a wrongful and illegal detention claim." (Pl.'s Mot. at 2.) Defendants opposed this request on statute of limitations and *res judicata* grounds. (*See* Defs.' Opp'n, ECF No. 57, at 2.) However, Magistrate Judge Tomlinson did not reach this issue because she narrowly construed the referral order from this Court as

"encompass[ing] only Plaintiff's motion for partial judgment on the pleadings . . . ." (R&R at 4 n.2.) Accordingly, the Court has reviewed plaintiff's motion to amend *de novo*.

Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). "This relaxed standard applies with particular force to *pro se* litigants." *Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999). Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

In light of plaintiff's *pro se* status and the fact that he has never amended his pleading in this action, the Court will grant him leave to submit an amended complaint. Defendants argues that any amendment would be futile. However, the Court cannot make that determination at this time. In particular, as set forth in the Memorandum & Order, plaintiff's double jeopardy claim arose from a 2013 appellate remand of his underlying criminal proceeding for a new trial (Memorandum & Order at 5), and plaintiff commenced this action on November 10, 2014 (ECF No. 1). Thus, with respect to defendants' statute of limitations argument, plaintiff's false imprisonment claim may be timely if it relates back to the filing of his original complaint. *See* Fed. R. Civ. P. 15(c)(1). In addition, although the Court dismissed plaintiff's double jeopardy and due process claims relating to that 2013 remand in the Memorandum & Order (Memorandum & Order at 5-6), plaintiff's motion does not indicate whether his proposed false imprisonment claim pertains to the same transaction. Accordingly, it is not clear that *res judicata*—or, more

appropriately, the law of the case doctrine, *see Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) ("The law of the case doctrine commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." (citation omitted))—would bar that claim. Nevertheless, should plaintiff submit an amended complaint, defendants may raise these arguments again in a motion to dismiss. Any amended complaint shall be clearly labeled "Amended Complaint" and must be filed within thirty (30) days from the date of this Order.

## V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Court adopts the well-reasoned R&R in its entirety. Plaintiff's motion for partial summary judgment is therefore denied without prejudice to renewal once discovery is complete. The Court grants plaintiff leave to submit an Amended Complaint, which must be filed within thirty (30) days from the date of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 21, 2017
Central Islip, New York

Joseph F. Bianco
United States District Judge