UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

MARCEL C. BRISTOL,

      Plaintiff,

  -against-

EDWARD SCHENK
and COUNTY OF NASSAU,

      Defendants.

-----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 12 2019 ★

LONG ISLAND OFFICE

ORDER
14-CV-6647 (JFB)(AKT)

JOSEPH F. BIANCO, District Judge:

On February 15, 2019, Magistrate Judge Tomlinson issued a Report and Recommendation (the "R&R," ECF No. 87) recommending that the Court grant in part and deny in part the motion for judgment on the pleadings filed by defendants Nassau County and Edward Schenk.[1] (ECF. No 80). The R&R was served on plaintiff by mail on February 19, 2019. (ECF No. 88.) The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R, with three days each for service and filing by mail, *i.e.*, by March 11, 2019. (R&R at 24.) The date for filing any objections has thus expired, and no party has filed any objection to the R&R. For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety, granting in part and denying in part the motion for judgment on the pleadings filed by defendants Nassau County and Edward Schenk. In particular,

---

[1] The Court notes that, in summarizing this Court's March 8, 2016 Memorandum and Order, the R&R correctly construed this Court's decision to hold, liberally construing the plaintiff's allegations, that plaintiff had plausibly pled an Eighth Amendment violation against the County of Nassau with respect to the conditions of confinement, including a pattern and practice of subjecting the plaintiff (and other inmates) to the allegedly unconstitutional conditions. The R&R also correctly summarized all other portions of the Court's prior decision in this case.

the motion is granted as to alleged violations of plaintiff's double jeopardy rights, procedural due process rights related to the 2008 seizure of his property, procedural due process rights related to his return to and re-incarceration at NCCC, his false imprisonment claim, and any claims against any individual defendants with the exception of Edward Schenk. Further, plaintiff is not entitled to re-plead any of these claims, and, thus, these claims are dismissed with prejudice. The motion is denied as to plaintiff's Eighth Amendment conditions of confinement claim and due process claim relating to the 2013 retention of plaintiff's funds, which may proceed.

Where there are no objections to a report and recommendation issued by a magistrate judge, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although the parties have waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution.

Having conducted a review of the Complaint, the motion papers, and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the analysis and recommendations contained in the well-reasoned and thorough R&R in their entirety. Accordingly,

IT IS HEREBY ORDERED that the motion to dismiss filed by defendants Nassau County and Edwards Schenk (ECF. No 80) is granted in part and denied in part. Specifically, the motion is granted as to alleged violations of plaintiff's double jeopardy rights, procedural due process rights related to the 2008 seizure of his property, procedural due process rights related to his return to and re-incarceration at NCCC, his false imprisonment claim, and any claims against any individual defendants with the exception of Edward Schenk. Further, plaintiff is not entitled to re-plead any of these claims, and, thus, these claims are dismissed with prejudice. The motion is denied as to plaintiff's Eighth Amendment conditions of confinement claim and due process claim relating to the 2013 retention of plaintiff's funds, which may proceed.

IT IS FURTHER ORDERED that defendants serve a copy of this Order on plaintiff.

SO ORDERED.
S/ JOSEPH F BIANCO

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: March 12, 2019
Central Islip, NY